UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
TONY COUNCIL,

                       Petitioner,                  14-cv-1849 (PKC)(MHD)

        -against-                       ORDER ADOPTING REPORT
                                                AND RECOMMENDATION

SUPERINTENDENT MICHAEL CAPRA,

                       Respondent.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        On March 7, 2014, petitioner Tony Council, who represented himself pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. This Court referred the petition to Magistrate Judge Michael H. Dolinger for a Report and Recommendation ("R & R"). On September 24, 2015, Magistrate Judge Dolinger recommended that the petition be denied in its entirety.

        Petitioner filed objections to the R & R on November 2, 2015 (the "Objections"). (Dkt. No. 30.) By way of letter-brief, the respondent contends that the R & R should be adopted in full. (Dkt. No. 28.)

        For the reasons explained, this Court concludes that the R & R is well reasoned and grounded in law, and it is adopted in full.

        Petitioner was indicted along with 17 other defendants on various crimes related to the distribution of narcotics in connection with a drug-trafficking organization operating in and around the Frederick Douglass housing project in Northern Manhattan. (R & R at 3.) After a number of defendants pled guilty to charges, five remaining defendants, including petitioner, were tried together. (R & R at 4.) Petitioner was charged with second-degree conspiracy, and two counts

of criminal sale in the first degree related to sales of crack cocaine made on September 27, 2004 ("September 2004 Sale") and January 12, 2005 ("January 2005 Sale"). (Id.) At trial, the jury convicted petitioner on all three counts against him, and he was subsequently sentenced to two consecutive terms of 15 years to life for the sale convictions, and a concurrent term of 8 1/3 to 25 years on the conspiracy conviction. (R & R at 5.)

Petitioner was initially denied an appeal based on his trial attorney's failure to timely file. (R & R at 6.) However, the New York Court of Appeals reversed the Appellate Division's ruling, and petitioner was permitted to file his appeal. (Id.) The First Department subsequently affirmed the conviction and sentence, People v. Council, 98 A.D.3d 917 (1st Dep't 2012), and the New York Court of Appeals denied leave to appeal, People v. Council, 20 N.Y.3d 1060 (2013).

Petitioner filed a petition for writ of habeas corpus in this Court, asserting the same claims that his attorney had pursued before the Appellate Division. In addition, he asserted a new argument that the prosecutors knowingly presented false testimony and doctored evidence. (Dkt. No. 1.) Respondent filed its opposition to petitioner's motion on August 15, 2014. (Dkt. No. 12-16.) In response, petitioner filed a "sworn traverse" dated August 28, 2014, in which he argued that he is actually innocent, and sought leave to amend his habeas petition to include a claim for ineffective assistance of counsel. (Dkt. No. 17.) Petitioner subsequently filed a letter dated September 13, 2014 attaching a copy of his motion to vacate judgment pursuant to N.Y. Crim. Pro. § 440.10 ("440.10 Motion"), which he filed in New York State Supreme Court seeking to vacate his conviction on new grounds. (Dkt. No. 18.) Petitioner also requested that this proceeding be held in abeyance to permit him to exhaust these new claims in state court. (Id.)

*I.  De Novo Review of the R & R, and the Record on Which it is Based*

In reviewing an R & R, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).  The Court reviews petitioner's Objections de novo.  In order to establish entitlement to federal habeas relief, petitioner must show that the trial court's actions were contrary to, or involved an unreasonable application of, clearly established federal law as determined by the United States Supreme Court.  See Williams v. Taylor, 529 U.S. 362, 402–13 (2000).

   A.  The R & R's Principal Conclusions and Reasoning

First, Magistrate Judge Dolinger concluded that petitioner's request for an abeyance of his habeas proceedings in light of his 440.10 Motion filed in state court was not supported by good cause, and recommended that the petitioner's request be denied.  (R & R at 12-16.)  The R & R noted that petitioner had possession of the necessary information to file his 440.10 Motion more than two months before filing his habeas petition and that petitioner offered no justification for his delay in filing.  (R & R at 12-13.)

Second, Magistrate Judge Dolinger concluded that petitioner's evidentiary insufficiency claims, to the extent exhausted, were not preserved and are otherwise meritless.  (R & R at 21-40.)  With respect to petitioner's evidentiary insufficiency claim of the January 2005 Sale, Magistrate Judge Dolinger concluded that petitioner's claim was procedurally barred because the First Department disposed of the claim on independent state law grounds, and petitioner failed to show cause for his default and prejudice, or otherwise show that a failure to address the claim would constitute a fundamental miscarriage of justice.  (R & R at 28-32.)  Even if not procedurally barred, however, Judge Dolinger concluded that the claim was without merit.  (R & R at 36.)  With respect to petitioner's evidentiary insufficiency claim of the September 2004 Sale, because petitioner offered

no excuse for his failure to raise the issue on direct appeal, Magistrate Judge Dolinger concluded that the claim was procedurally barred. (R & R at 38.) Alternatively, Magistrate Judge Dolinger concluded that the claim was without merit. (R & R at 38-39.) Lastly, with respect to petitioner's conspiracy conviction, Magistrate Judge Dolinger concluded that this claim was never raised on direct appeal and was therefore unexhausted, as well as procedurally barred for the aforementioned reasons. (R & R at 40.) Furthermore, because his claims of evidentiary insufficiency on the two underlying drug sales were without merit, so too was his attack on his conspiracy charge. (R & R at 40.)

Third, the R & R concluded that petitioner's claim that the trial judge discharged a juror without an opportunity for petitioner's lawyer to be heard was not preserved and otherwise meritless. (R & R at 40-46.) Magistrate Judge Dolinger concluded that the claim was procedurally barred because the First Department disposed of this claim on an independent state law ground, and petitioner failed to show cause for his default and prejudice, or otherwise show that a failure to address the claim would constitute a fundamental miscarriage of justice. (R & R at 44-45.) Even if not barred, however, Magistrate Judge Dolinger alternatively held that petitioner's claim was meritless because the trial judge gave the parties an opportunity to be heard before discharging the juror. (R & R at 45.)

Fourth, Magistrate Judge Dolinger concluded that petitioner's remaining due process claims, in which he contends the trial judge was biased and improperly denied severance at trial, were without merit. (R & R at 46-57.) To the extent claims of judicial bias were never raised at trial or on direct appeal, those claims were unexhausted and deemed procedurally barred. (R & R at 47.) In addition the judge's three rounds of questioning of the jury foreperson were not intimidating and did not evince judicial bias. (R & R at 46-47.) Magistrate Judge Dolinger noted that three separate

issues arose with the foreperson, each of which required the trial judge to question the juror outside the presence of the rest of the jury. (R & R at 54-55.) On all three occasions, Magistrate Judge Dolinger concluded that the trial judge handled the matter appropriately. (R & R at 54.)

Fifth, Magistrate Judge Dolinger concluded that the trial judge properly denied petitioner's request to sever co-defendant's violence-related counts. (R & R at 57-65.) The R & R noted that the trial judge denied the motion to sever "on the basis that the indictment charged these events as overt acts in furtherance of the conspiracy." (R & R at 57.) Furthermore, the Magistrate Judge Dolinger concluded that the denial of severance was not prejudicial to the petitioner. (R & R at 64.)

Sixth, Magistrate Judge Dolinger held that petitioner's sentence was not constitutionally disproportionate. (R & R at 65-69.) He concluded that the petitioner received a sentence within the state statutory range and has not made any showing that it was constitutionally disproportionate. (R & R at 67.)

B.  This Court's Review

The Court has engaged in a de novo review of the R & R, and the record on which it is based, to the extent that petitioner has raised an objection. See Rule 72(b), Fed. R. Civ. P. The Court need not address in this Order all that it considered, but it has considered the entirety of the Objections.[1] The Court, as noted, adopts the R & R in full.

Council argues that his request for an abeyance of his habeas proceeding should have been granted to permit him to exhaust new claims that he filed in state court. (Pet'r Objections 6-9.)

---

[1] The Court has reviewed the portions of the R & R to which no objections were made for clear error and found none. See Rule 72, Fed. R. Civ. P. advisory committee notes (1983).

For the first time in his Objections, petitioner argues that his "zeal to file a habeas petition within the AEDPA limitation period has to constitute 'good cause.'" (Id. 6.) While petitioner's enthusiasm is laudable, his reason for failing to exhaust certain claims does not arise to what is required by courts to demonstrate good cause. The Supreme Court and Second Circuit have not defined "good cause," but the Supreme Court has made it clear that "stay and abeyance should be available only in limited circumstances." Rhine v. Weber, 544 U.S. 269, 277 (2005). Some district courts have equated good cause to the requirement to show cause for other types of procedural default, which requires petitioner to show "some factor external to the petitioner gave rise to the default." Whitley v. Ercole, 509 F. Supp. 2d 410, 417 (S.D.N.Y. 2007); see also Fernandez v. Artuz, 00 cv 7601, 2006 WL 121943, at *5 (S.D.N.Y. Jan. 18, 2006) (citing cases). Other courts have relied on dicta from Pace v. DiGuglielmo for a more lenient standard, in which the Supreme Court noted that a "petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." 544 U.S. 408, 417 (2005); see also Whitley, 509 F. Supp. 2d at 417 (citing cases).

      Whichever standard is applied, petitioner has failed to demonstrate good cause to justify abeyance of his habeas petition. Petitioner does not point to any external factor which would have precluded him from asserting his 440.10 Motion in state court before coming to federal court. Indeed, petitioner had all the necessary information to file his 440.10 Motion several months before he filed his current habeas motion and does not argue otherwise. Even under the more lenient standard, petitioner cannot demonstrate good cause. Petitioner contends that he was confused as to when the one year statute of limitations under AEDPA began. (Pet'r Objections 7.) However, the Objections demonstrate that his claim of confusion is not credible. Petitioner argues that his confusion stems from the fact that he did not file a writ of certiorari, and therefore did not know

whether his limitations period would begin to toll as soon as the New York Court of Appeals denied review of his case or after the time period to file a petition for writ of certiorari with the United States Supreme Court has expired.  But petitioner himself cites to Gonzalez v. Thaler, which unequivocally establishes that the limitations period begins to toll only after the time period to seek review in the highest court expires.  See 132 S. Ct. 641, 653-54 (2012).  Petitioner's demonstrated knowledge of both state and federal law in all of his motions and objections, as well as his particular knowledge of the case law surrounding the statute of limitations, indicates that he was not confused by the limitations period.  Accordingly, Magistrate Judge Dolinger correctly denied petitioner's request for an abeyance based on his failure to demonstrate good cause.

Petitioner's remaining arguments in his Objections relate principally to claims that were raised in his 440.10 Motion, not his 28 U.S.C. § 2254 motion before this Court.  Specifically, petitioner argues in his Objections that he is actually innocent of his crimes, and that his first trial lawyer was ineffective.  (Pet'r Objections 1-5, 9-11.)  To the extent that petitioner raises new claims that were not presented to Magistrate Judge Dolinger, such claims are deemed waived.  Even if petitioner properly raised those claims to the Magistrate Judge, however, those claims have not been exhausted in state court.  See 28 U.S.C. § 2254(b)(1)(A).

CONCLUSION

The R & R is adopted in its entirety and the petition is DENIED. The Clerk is directed to close the case and enter judgment for the respondent.

Petitioner has not made a substantial showing of the denial of a constitutional right and, accordingly, a certificate of appealability will not issue.  See 28 U.S.C. § 2253; Blackman v. Ercole, 661 F.3d 161, 163–64 (2d Cir.2011).  This Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal from this order would not be taken in good faith and *in forma pauperis* status is denied.  See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

       SO ORDERED.

*[signature]*

P. Kevin Castel
United States District Judge

Dated: New York, New York
      January 14, 2016